UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LAWRENCE LUI, et al., | Case No. 19-cv-06337-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO STAY** |
| STATE FARM FIRE AND CASUALTY COMPANY, | Re: ECF No. 26 |
| Defendant. | |

## INTRODUCTION

Plaintiffs Lawrence Lui and Goretti Lui suffered a serious water loss in January 2018 to their home in Hillsborough, California, and they sued their insurer, State Farm, for breach of contract and related claims arising from State Farm's alleged delay of payments and failure to make payments.[1] State Farm has moved to stay the case because it is still processing the underlying insurance claim.[2] The court can decide the motion without oral argument. N.D. Cal. Civ. L. R. 7-1(b). The court grants the motion and stays the case for 90 days.

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 26.

ORDER – No. 19-cv-06337-LB

# STATEMENT

The plaintiffs' home is at 700 Eucalyptus Avenue, Hillsborough, California.[3] They have a homeowner's insurance policy with State Farm.[4] They "suffered a serious water loss on January 26, 2018 at the property. . . ."[5] "Initial testing of the property revealed asbestos and lead contamination in excess of permissible limits."[6] This required abatement, which is a benefit under the policy.[7] On February 6, 2018, the plaintiffs hired Consolidated Adjusting, Inc. for public-adjusting services.[8] William Hedden is handling the claim there.[9] Adan Ly is handling the claim for State Farm.[10] About a month after the loss, the parties agreed to a "a general demolition abatement scope," and "detailed estimates were commencing."[11]

Since then, the parties had disputes about how State Farm was processing the claim. The plaintiffs accuse State Form of "lowballing" its estimates for abatement, wrongfully rejecting their demands, delaying paying them a covered benefit of "additional living expenses" (for living elsewhere during the abatement), and delaying the approval of repairs, among other issues.[12] Ultimately they sued for (1) breach of contract based on failure to pay and delays in payment, (2) breach of the covenant of good faith and fair dealing, and (3) unfair business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.[13]

---

[3] Compl. – ECF No. 1 at 2 (¶ 7).
[4] *Id.* (¶ 8); Answer – ECF No. 13 at 2 (¶ 8).
[5] *Id.* (¶ 9).
[6] *Id.* at 2–3 (¶ 10).
[7] *Id.*
[8] *Id.* (¶ 11).
[9] *Id.*
[10] *Id.*
[11] *Id.* (¶ 12).
[12] *Id.* at 3–5 (¶¶ 14–30, 38).
[13] *Id.* at 8–10 (¶¶ 43–60).

As of November 7, 2019, State Farm had paid the plaintiff $1,263,131.26 ($575,820.33 for the dwelling, $84,284.97 for personal property, and $603,025.96 for additional living expenses).[14] State Farm continues to pay the plaintiffs $37,500 each month for additional living expenses, and on February 8, 2020, paid an additional $94,013.45 for personal property.[15]

State Farm moved for a "short stay of the case" because it is nearing the end of the claims process.[16] It emphasizes that it has not denied coverage. The plaintiffs opposed the motion on the ground that delay prejudices them because they need money to complete repairs, need a judgment to get that money, and cannot commence discovery or obtain a trial date during a stay.[17]

All parties have consented to magistrate jurisdiction.[18]

**ANALYSIS**

A district court has the discretionary power to stay proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Following the proposal for a stay, the court must weigh the competing interests which will be affected by the granting or denial of the stay. *Id.* at 1110. A trial court has the discretion to decide whether it is "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis*, 299 U.S. at 254 (finding that the discretion to grant a temporary stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

In determining whether a stay is appropriate, courts will look to several factors, including (1) "the possible damage which may result from the granting of a stay," (2) the hardship or inequity

---

[14] Ex. B to Labar Decl. – ECF No. 28-3 at 2–3; *see also* Mot. – ECF No. 26 at 3.

[15] Mot. – ECF No. 26 at 3; Ex. C to Labar Decl. – ECF No. 28-4 at 2; Reply – ECF No. 29 at 2.

[16] Mot. – ECF No. 26 at 4 ("short stay"); Reply – ECF No. 29 at 3 (same).

[17] Opp'n – ECF No. 28.

[18] Joint Consent – ECF No. 19.

which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The parties do not dispute the court's discretion to stay the case. They disagree about whether the court should. Under the present circumstances, the court stays the case.

First, a stay promotes judicial efficiency and the "orderly course of justice." *CMAX, Inc.*, 300 F.2d at 268. State Farm is processing the claim still. *Cf. e.g., Vindiola v. State Farm Mut. Auto. Ins. Co.*, 17-cv-03701-BLF, 2017 WL 4029708, at *2 (N.D. Cal. Sept. 13, 2017) (staying case pending ongoing insurance claim arbitration because it would "impact this action . . . which involves how [insurer] Defendant handled the uninsured motorist claim"); *Thomas v. State Farm Mut. Auto. Ins. Co.*, 15-cv-00509-CRB, 2015 WL 1544244, at *1–2 (N.D. Cal. April 2, 2015) (staying case because pending arbitration of plaintiff's insurance coverage would affect his claim alleging insurer's bad faith and breach of contract). The court observes that under the new general orders 72 and 73 governing the court's response to COVID-19, civil cases in large measure are on hold anyway.[19]

Second, given that State Farm paid an additional $94,013.45 in February and continues to pay additional living expenses, the court cannot discern prejudice to the plaintiffs on this record.

That said, State Farm asked for a short stay, and the court takes it at its word. The court also notes that the parties have a mediation set on April 14, 2020.[20] Under the circumstances, the court sets the initial case-management conference for Thursday, June 18, 2020 at 11:00 a.m. Within one week of the mediation (which the court hopes that the parties can have by telephone or video conference), the court asks the parties to file a joint update. If the case has not settled, the court asks State Farm to provide its timeline for finalizing the claims process. The court also asks the parties to confer before the mediation about any document discovery or other information that might help the parties' mediation efforts.

---

[19] General Orders 72 & 73 (available at https://cand.uscourts.gov/notices/information-regarding-covid-19/, last checked March 21, 2020).

[20] 3/4/2020 Dkt. Entry (setting mediation hearing).

ORDER – No. 19-cv-06337-LB                4

## CONCLUSION

The court grants the motion to stay, sets the initial case-management conference for June 18, 2020 at 11:00 a.m., directs the filing of the joint case-management statement by June 11, 2020, directs the parties to confer about discovery in aid of mediation, and asks for an update within seven days after the mediation.

This disposes of ECF 26.

**IT IS SO ORDERED.**

Dated: March 22, 2020

_____
LAUREL BEELER
United States Magistrate Judge